**RAPID TRANSP. CO. et al. v.
UNITED STATES et al.
Civ. No. 50–309.**

United States District Court
D. Massachusetts.

June 27, 1950.

Benjamin B. Levenson, Boston, Mass., for plaintiffs.

Frederick R. Hanlon, Special Attorney, Washington, D. C., John F. Baecher, Special Assistant to the Attorney General, Herbert A. Bergson, Assistant Attorney General, James E. Kilday, Special Assistant to the Attorney General, George F. Garrity, United States Attorney, Boston, Mass., for United States.

Edward M. Reidy, Associate Chief Counsel, Daniel W. Knowlton, Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

510

Before MAGRUDER, Circuit Judge, and FORD and McCARTHY, District Judges.

PER CURIAM.

On July 2, 1948, Rapid Transportation Company filed with the Interstate Commerce Commission an application under § 5 of the Interstate Commerce Act, 49 U.S.C. A. § 5, for authority to acquire by purchase certain operating rights then held by Atlas Transportation Co., Inc. Though the Commission issued due notice to the public of the filing of such application, the application was not originally opposed, and for that reason the Commission did not set it down for public hearing. Division 4 of the Commission, on September 28, 1948, issued its report (50 M.C.C. 826) finding that, on certain terms and conditions set forth, the acquisition "will be consistent with the public interest," and stating that an appropriate order would be entered approving the transaction. In the accompanying order, also issued September 28, 1948, the Commission, Division 4, ordered that the purchase by Rapid Transportation Company of the specified operating rights of Atlas Transportation Co., Inc. "be, and it is hereby, approved and authorized, subject to the terms and conditions set out in the findings in said report."

By letter dated October 4, 1948, the applicants advised the Commission that the purchase, as so approved, had been consummated on September 30, 1948.

On October 18, 1948 (which was within the 30-day period allowed by Rule 101 of the Commission's Rules of Practice), four competing certificated motor carriers filed a petition asking the Commission to vacate the aforesaid order of September 28, 1948, and to set down the application of Rapid Transportation Company for a formal hearing. By order entered November 5, 1948, the Commission, Division 4, ordered the proceeding to be reopened for a public hearing on December 16, 1948, before a designated examiner. A full hearing was held, after which the examiner filed a proposed report, recommending that the report and order of the Commission, Division 4, of September 28, 1948, be affirmed. Protes-

tants duly filed exceptions to the examiner's proposed report, to which the applicants filed a reply.

The Commission, Division 4, on September 23, 1949, filed its report (56 M.C.C. 165). After making certain detailed findings, it concluded: "Upon reconsideration we find that the transaction has not been shown to be consistent with the public interest, and that the application accordingly should be denied." It thereupon entered its order, dated September 23, 1949, as follows:

"*It is ordered,* That the application be, and it is hereby, denied.

"*It is further ordered,* That the prior order of September 28, 1948, approving and authorizing the transaction, shall be vacated and set aside, effective 60 days from the date of service hereof."·

Applicants filed an extensive petition before the full Commission for reconsideration of the aforesaid report and order of Division 4 of September 23, 1949. Upon consideration of such petition and of the reply thereto filed by protestants, and it appearing to the Commission that "all the material matters set forth in the said petition have been considered by Division 4 and discussed in its report, and that no material fact or argument which warrants reconsideration has been presented", the Commission by order entered April 3, 1950, denied said petition for reconsideration.

Complainants now seek to have us review and set aside the aforesaid order of the Commission, Division 4, of September 23, 1949, denying the application of Rapid Transportation Company for approval of the purchase of the operating rights in question held by Atlas Transportation Co., Inc. The complaint is filed pursuant to § 17(9) of the Interstate Commerce Act, 49 U.S. C.A. § 17(9), and 28 U.S.C.A. §§ 1336, 1398, 2284, 2321–2325.

■ We think it is clear that the Commission had authority, pursuant to the statute and its own rules of practice, to reopen the proceeding as it did, and to reconsider the application by Rapid Transportation Company under § 5 of the Act.

Falwell v. United States, D.C.W.D.Va. 1946, 69 F.Supp. 71, 74-75, affirmed 1947, 330 U.S. 807, 67 S.Ct. 1087, 91 L.Ed. 1264; Beard-Laney, Inc. v. United States, D.C.E. D.S.C. 1949, 83 F.Supp. 27, 33, affirmed 1949, 338 U.S. 803, 70 S.Ct. 64. That being so, when the parties chose to consummate the purchase within two days after the Commission's report and order of September 28, 1948, they did so at their own risk; the transaction was still vulnerable.

The facts found in the report of September 23, 1949, issued by the Commission, Division 4, after the proceeding had been reopened for a public hearing, are legally sufficient to sustain the Commission's ultimate conclusion, upon reconsideration, that the proposed acquisition by Rapid Transportation Company was not shown to be in the public interest, and therefore that the application should be denied. No contention is made that the findings contained in such report are lacking in evidentiary support in the record.

Atlas Transportation Co., Inc., claims to be aggrieved by what it assumes will be a by-product effect upon it of the order of the Commission now under review. It is said that when those operating rights, which were to be sold to Rapid, become revested in Atlas as a result of the Commission's order of September 23, 1949, such rights, together with certain overlapping or duplicating rights meanwhile acquired by Atlas from Kenneth G. Moore, with Commission approval in another proceeding, will merge into a single operating right, in accordance with a long-settled general policy of the Commission. Whether that will be the result is not now before us. The order under review merely denies the application by Rapid under § 5 of the Act; it does not purport to define the operating rights retained by Atlas. Counsel for the Commission assures us that under the rules of the Commission Atlas may still file, in another proceeding, a petition or application setting forth its alleged special equities, as a ground for relaxation of the general policy in the particular instance and for approval by the Commission of the retention by Atlas, without merger, of certain duplicating operating rights. Compare J. V. Braswell-Purchase (Portion)-Herrin Transportation Co., 50 M.C.C. 543 (1948). Our decision in the case at bar is of course without prejudice to the right of Atlas to file such petition or application with the Commission; but whether, if it chooses to do so, it will be entitled to prevail, we have no present occasion to consider.

A judgment will be entered dismissing the complaint.